# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Ned McMonigal, III,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-15-00134-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Petitioner Howard Ned McMonigal, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Magistrate Judge D. Thomas Ferraro's Report and Recommendation (R & R). Docs. 1 and 27. The parties did not file objections to Magistrate Judge Ferraro's R & R. The Court accepts and adopts Magistrate Judge Ferraro's R & R as the findings of fact and conclusions of law of this Court and denies Petitioner's Writ.

**I.  Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Ferraro's R & R. The Court fully incorporates the "Factual and Procedural Background" section of the R & R into this Order.

**II.  Discussion**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or

return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id*. (internal citations omitted).

Here, the parties have not objected to the R & R, which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This Court considers the R & R to be thorough and well-reasoned. After a thorough and de novo review of the record, the Court adopts Magistrate Judge D. Thomas Ferraro's R & R.

…

…

…

…

…

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge D. Thomas Ferraro's Report and Recommendation is **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court. Doc. 27

**IT IS FURTHER ORDERED** that Howard Ned McMonigal, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **dismissed.** Doc. 1.

Dated this 4th day of November, 2016.

Raner C. Collins
Chief United States District Judge