IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Ned McMonigal, III,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-00134-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Petitioner Howard Ned McMonigal, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Magistrate Judge D. Thomas Ferraro's Report and Recommendation (R & R) and Petitioner's objections to the R & R. Docs. 1, 27 and 34. On November 4, 2016, this Court accepted and adopted the R & R after no objections were filed. Doc. 28. On November 21, 2016, this Court vacated the order after Petitioner filed a notice stating that he never received the R & R. Doc. 32. On December 15, 2016, Petitioner filed objections. Doc. 34. For the following reasons, the Court shall overrule Petitioner's objections, and accept and adopt the R & R.

**I.   Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Ferraro's R & R. The Court fully incorporates the "Factual and Procedural Background" section of the R & R into this Order.

**II.   Legal Standard**

The duties of the district court in connection with a R & R are set forth in Rule 72

of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id*. (internal citations omitted).

**III. Discussion**

    **A. Claim One**

Petitioner's first alleged ground for relief is that he was denied a right to a grand jury, notice, a fair trial, and due process arising from substantial amendment of the indictment shortly before trial. Magistrate Judge Ferraro held that this ground was procedurally defaulted because Petitioner did not present this argument to the Post-Conviction Relief ("PCR") court and it was not fairly presented to the appellate court in a procedurally appropriate manner. In his objections, Petitioner simply states that the R & R is erroneous and restates his position that was rejected by Magistrate Judge Ferraro. The Court concludes that Petitioner has not effectively objected to the R & R for this claim. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991) (stating that a general

objection to the magistrate judge's report without specifying an issue of contention "has the same effects as would a failure to object.").

### B. Claim Two

Petitioner's second claim contains three parts. First, Petitioner alleges that the prosecutor committed misconduct by knowingly presenting the false testimony of several witnesses. Second, Petitioner alleges his appellate counsel failed to raise this claim. Third, Petitioner claims that in closing arguments, the prosecutor vouched for one of the witnesses and argued facts not in evidence. Magistrate Judge Ferraro's R & R thoroughly and correctly explains why Petitioner's claims fail.

In his objections to the R & R, Petitioner ignores the fact that the PCR court found all non-IAC claims precluded by Arizona Rule of Criminal Procedure 32.2(a). Doc. 1-4 at 50. Furthermore, the Arizona Court of Appeals found this portion to be procedurally defaulted under Arizona Rule of Criminal Procedure 32.2(a)(3) and 32.9(c)(1). Therefore, Magistrate Judge Ferraro is correct in holding this portion of the claim to be procedurally barred. *See Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005) ("[T]he procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state would hold the claim procedurally barred.").

Petitioner does not discuss objections for the second portion of this claim. Thus, Petitioner has waived this portion of the claim. For the last portion, Petitioner restates his claim that the prosecutor stated that one of the witnesses was "telling the truth" during closing arguments. However, as the R & R states, the prosecutor did not opine as to whether the witness was telling the truth. Rather, the prosecutor drew reasonable inferences from photographs used during the trial to argue that the witness's testimony was credible. Thus, Petitioner is not entitled to relief.

### C. Claim Three

Petitioner alleges that he received ineffective assistance of counsel ("IAC") at trial when counsel failed to: (a) challenge an unlawful August 9, 2007 search and seizure; (b)

call witnesses Ashley Delima and Anice Fraser; (c) challenge amendment of the indictment; (d) challenge perjury by the State's witnesses; and (e) impeach the testimony of Ms. Knutson based on her mental health issues.

In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the Court must consider two factors. *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id.* at 688. Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 687. Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." *Id.* at 694. Petitioner must show that counsel's errors were "so serious as to deprive defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Id.*

Petitioner has not sufficiently demonstrated that counsel's alleged ineffectiveness made the entire trial fundamentally unfair or unreliable. Further, Petitioner has failed to show how Magistrate Judge Ferraro erred in concluding the following: (a) the police did not exceed the scope of the search warrant; (b) Petitioner failed to establish how he was prejudiced because Delima and Fraser were not called to testify and the decision to not call Delima and Fraser to testify was a strategic decision; (c) Petitioner failed to demonstrate how the amendments were improper or how he was prejudiced; (d) the state courts application of *Strickland* was objectively reasonable; and (e) Petitioner failed to demonstrate how he was prejudiced by Ms. Knutson's mental health issues.

**III. Conclusion**

Thus, the Court, having considered the R & R, Petitioner's objections and the remaining record holds that Magistrate Judge Ferraro's R & R shall be accepted and adopted. Further, Howard Ned McMonigal, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Howard Ned McMonigal, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **denied.** Doc. 1.

**IT IS FURTHER ORDERED** that Magistrate Judge D. Thomas Ferraro's Report and Recommendation (R & R) is **accepted and adopted.** Doc. 27

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close the case.

Dated this 21st day of March, 2017.

Raner C. Collins
Chief United States District Judge